MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
BY: RUA M. KELLY
One St. Andrew's Plaza
New York, New York 10007
Tel. No. (212) 637-2471

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
UNITED STATES OF AMERICA,

-v.-

ONE 2003 BLACK LINCOLN TOWN CAR,

Defendant-in-rem.
------------------------------------x

JUDGE SWAIN

VERIFIED COMPLAINT

07 CIV 9363

Plaintiff United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, as and for its verified complaint, alleges, upon information and belief, as follows:

I.   NATURE OF THE ACTION

1. This is an action by the United States of America seeking forfeiture of ONE 2003 BLACK LINCOLN TOWN CAR, (the "Defendant Vehicle"). The Defendant Vehicle is subject to forfeiture as property involved in the facilitation of a narcotics violation, pursuant to Title 21, United States Code, Section 881 (a)(4).

II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C.

§§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. §§ 1355 and 1395 in that the acts and omissions giving rise to the forfeiture occurred in the Southern District of New York, the action accrued in the Southern District of New York, and the property was seized in the Eastern District of New York.

### III.   PROBABLE CAUSE FOR FORFEITURE

4. On or about April 25, 2007, agents of the Federal Bureau of Investigation ("FBI") and the New York Police Department ("NYPD") were conducting an investigation into drug trafficking activity.  Members of FBI and NYPD, with the assistance of a reliable confidential source (the "CS"), were conducting surveillance of the Pathmark supermarket at the intersection of 60th Street & 13th Avenue in Brooklyn, New York (the "Supermarket").

5. At approximately 5:34 p.m. that day, working at the direction of law enforcement, the CS met with two males ("Target 1" and "Target 2") in the Supermarket to confirm that they wanted to purchase 26 kilograms of cocaine from the CS. They agreed on a price of $20,000 per kilogram, with an initial payment of $250,000 and the remainder on consignment.  Target 2 stated that he needed two hours to return to Manhattan and get the money.  Target 2 also stated that they would be returning in two vehicles; Targets 1 and 2 would be in a Honda and a third

person driving a different car would have the money.

6. At approximately 10:35, the CS met with Target 1, Target 2 and a third individual in the Supermarket. Inside the Supermarket, the CS discussed with Target 2 how the exchange would take place. Target 2 insisted on seeing the cocaine before showing the CS the money, while the CS insisted on seeing the money before showing the cocaine. A standoff in the negotiations ensued. Shortly thereafter, all four men exited the Supermarket and Target 2 received a cell phone call. When Target 2 got off the phone, he explained that "two of his guys" had been stopped by the police in their Livery Cab, the Defendant Vehicle. Target 2 insisted that they could still do the deal, telling the CS that some of the money was in the Camry, and some was in the Defendant Vehicle. As they were approaching the Honda, they were all arrested by the FBI.

7. While these events were transpiring, at the request of the surveillance team, NYPD units had approached the Defendant Vehicle. The Defendant Vehicle previously had been observed arriving at the scene contemporaneously with the Honda and the Camry, and was then observed driving up and down 13th Avenue. Although the Defendant Vehicle appeared to be registered as a livery cab in New York, the driver had no back seat passengers, only a front seat passenger. The NYPD units detained both the driver and the front seat passenger of the Defendant

Vehicle. While the Defendant Vehicle was stopped, the two male passengers who had occupied the Camry were observed walking by the Defendant Vehicle while one of the males made a call on his cellular telephone. The two males who had occupied the Camry were then stopped by agents of the Federal Bureau of Investigation when they returned to their nearby vehicle.

8. A search of the Camry revealed a white, black and orange plastic bag on the rear seat behind the driver. Inside the bag was a large amount of U. S. Currency.

9. The arrested individuals (other than the CS) were taken to the NYPD 66th Precinct. The Honda, Camry and the Defendant Vehicle were also taken to the Precinct. The U.S. Currency was seized pending forfeiture proceedings.

10. The Defendant Vehicle was searched by the Federal Bureau of Investigation after the arrests took place. Among other things, FBI agents discovered that there were two hidden compartments in the Defendant Vehicle, under the driver's side front seat and the passenger's side front seat. Based on my training and experience, I know that such hidden compartments are often used to hide contraband, including but not limited to narcotics and the proceeds of narcotics trafficking.

### IV. CLAIM FOR FORFEITURE

11. Incorporated herein are the allegations contained in paragraphs one through ten of the Complaint.

12. Pursuant to 21 U.S.C. § 881(a)(4), vehicles which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of, controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

13. The Defendant Vehicle was used and was intended for use to transport cocaine and/or to facilitate the transportation, sale, receipt, possession, and concealment of cocaine.

14. By reason of the foregoing, the Defendant Vehicle became and is subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, plaintiff United States of America prays:

a. that process issue to enforce the forfeiture of the Defendant Vehicle and that all persons having an interest in the Defendant Vehicle be cited to appear and show cause why the forfeiture should not be decreed;

b. that this Court decree forfeiture of the Defendant Vehicle to the United States of America for disposition according to law;

c. that plaintiff be awarded its costs and

disbursements in connection with this action; and

       d.  for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      October 18, 2007

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney

BY: _____
     RUA M. KELLY
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, N.Y. 10007
     Tel.: (212) 637-2471

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

PETER FITZGERALD, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the United States and information obtained directly by deponent during an investigation of alleged violations of, inter alia, Title 21, United States Code, Section 846.

_____
PETER FITZGERALD
Special Agent
Federal Bureau of Investigation


Sworn to before me this
    day of October, 2007

_____
NOTARY PUBLIC

LESLEY B. GLENN
Notary Public, State of New York
No. 01-4654637
Qualified in New York County
Commission Expires 6/30/11

7